# Henry C. Sayers et al., Plffs. in Err., v. William H. Barb.

A sale of land on execution against a grantee, founded on a judgment for purchase money, devests it of all equitable claims arising out of previous, but incompleted, contracts of the grantor to sell to other persons.

(Decided October 19, 1885.)

Error to the Common Pleas of Greene County to review a judgment for plaintiff in ejectment. Affirmed.

The action was brought by Barb against Sayers and Rinehart. Former owners of the land in controversy made various agreements to sell it, and had allowed the purchasers to occupy, but the purchasers had made no payments of purchase money, nor had they received deeds; they claimed, however, some equitable interests which, whatever they were, had become vested in defendants. The former owners, however, disregarding these claims, made a new sale of the land to Owens, and gave him a deed; and Owens paid part of the price and confessed judgment for the remainder. On this judgment, execution was issued and levied on the land, which was sold at the sheriff's sale to Barb, who received a sheriff's deed and brought this action to establish his title and obtain possession.

The only serious question was whether the equities claimed under the agreements, previous to Owens' purchase, could be introduced against Barb's title. The court below excluded them. Barb recovered judgment and Sayers and Rinehart brought error.

*Sayers & Sayers* for plaintiffs in error.

*Wyly, Buchanan, & Walton* for defendant in error.

PER CURIAM:

We see no error in the rejection of evidence, nor in the answers to the points. The sale for the purchase money due for the legal title devested all the equitable interests.

NOTE.—A sale on a purchase-money judgment passes the entire legal and equitable estate free from all charges not protected by statute. Kerr v. Stiffey, 2 Penr. & W. 174; Horbach v. Riley, 7 Pa. 81; Zeigler's Appeal, 69 Pa. 471; Pittsburg & S. R. Co. v. Jones, 59 Pa. 433.

Both legal and equitable estates passed to the purchaser by virtue of the sheriff's sale.

Judgment affirmed.